Apelio Felices Portilla, Plaintiff and Appellant, *v.* Porto Rico Iron Works, et al., Defendants and Appellees.

No. 7231. Argued June 10, 1937.—Decided July 31, 1937.

*R. Rivera Zayas, José S. Alegría,* and *Felipe Colón Díaz* for appellant. *F. Parra Capó* and *F. Parra Toro* for appellees.

Mr. Justice Hutchison delivered the opinion of the Court.

█ █ Rule 3 of the Rules for the District Courts reads as follows:

"At the calling of the calendar at each regular term, the court, *motu proprio* and by previously notifying the parties at least five days before, may order the dismissal of any pending action, suit or proceeding wherein no progress has been made in their prosecution and entry thereof made in the record, for one year or more, due to the negligence of the parties, unless such delay is opportunely justified to the satisfaction of the court."

Appellant says that the District Court of Ponce abused its discretion in dismissing an action for damages for want of prosecution and in overruling a motion for rehearing. A statement of all the facts would serve no very useful purpose. The brief for appellant fails to show any abuse of discretion.

Section 317 of the Code of Civil Procedure reads in part as follows:

"When a written notice of a motion is required by this Code, it must be given, unless a different kind is prescribed, if the hearing had in the same district in which the action is pending, or the proceeding had, five days before the time appointed for the hearing; otherwise ten days. When the notice is served by mail the number of days before the hearing must be increased one day for every twenty-five miles of distance between the place of deposit and the place of service; such increase, however, not to exceed in all thirty days; but the court or judge may prescribe a shorter time."

On September 18, 1935, the secretary of the district court informed the district judge in writing that no step had been

taken by either of the parties for more than a year and suggested that the action should be dismissed. The district judge ordered both parties to show cause why the action should not be dismissed and gave each side ten days within which to appear and make such showing. Both parties were duly notified. Plaintiff moved September 26 to set aside the order of September 18. Defendants moved September 30 in opposition to plaintiff's motion and asked that the action be dismissed as suggested by the secretary. The district judge, October 1, set both motions for October 7 and both parties were notified. The first assignment of error is that the district court erred in not allowing more than five days between the day of this order and the day fixed for a hearing. Plaintiff had all together more than fifteen days in which to show cause why the action should not be dismissed. The motion to set aside the court's order of September 18 was not verified. The facts stated in the counter-motion were supported by the affidavit of one of defendant's attorneys. Plaintiff made no counter-affidavit and made no request for an extension of time in which to prepare a counter-affidavit.

Plaintiff moved October 23 to set aside the judgment of October 7. In this motion plaintiff called the attention of the district judge to the fact that only five days had elapsed between the date of the order setting the two motions for re-hearing and the date of the hearing, but failed to show that he had been prejudiced in any way by the failure to fix a later date for the hearing or that a different result might have been reached if a later date had been fixed. We find no reversible error in the order of the district court fixing October 7 as the date for a hearing of the two motions.

The judgment and order appealed from must be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.